UNITED STATES of America,
Plaintiff,

v.

Eldon Langton PAGE, Defendant.

No. 74–Cr–116.

United States District Court,
E. D. Wisconsin.

Sept. 30, 1974.

William J. Mulligan, U. S. Atty., by D. Jeffrey Hirschberg, Milwaukee, Wis., for plaintiff.

James E. Shapiro, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion under Rule 48(a), Federal Rules of Criminal Procedure, to dismiss count II of a two count indictment on grounds that his sixth amendment right to a speedy trial has been violated. I conclude the motion should be denied.

On June 4, 1973, the defendant was indicted in a two count indictment charging him with violations of 18 U.S.C. §§ 2421 and 2. United States v. Page, 73–CR–191 (E.D.Wis., filed June 5, 1973). The case was eventually scheduled for trial on July 22, 1974. On the day this case was scheduled for trial, the prosecution became aware of a technical defect in count I of the indictment; the government was then faced with the choice of proceeding to trial on count II only with the option of seeking reindictment on count I or dismissing both counts and seeking reindictment on both. The prosecution chose the latter course, over the opposition of defense counsel, who for the first time raised speedy trial objections.

Subsequently, on July 24, 1974, the defendant was reindicted on both counts contained in the 73–CR–191 indictment, except that the technical error contained in count I was apparently corrected. On August 30, 1974, the defendant filed the motion to dismiss now being considered.

■ The United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), delineated four factors to be balanced in determining whether the right to a speedy trial has been infringed: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice suffered by the defendant as a result of the delay. The *Barker* balancing approach must be employed in view of the presumed prejudice which flows from the post-indictment delay in this case of over 15 months. See United States v. DeTienne, 468 F.2d 151, 156 (7th Cir. 1972), cert. denied, 410 U.S. 911, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973).

■ After considering all four of the factors mentioned in *Barker,* I conclude that the defendant has not been denied his right to a speedy trial. In my opinion the facts of this case are sufficiently similar to those of United States v. DeTienne so that the holding in that case is controlling here. The delay in *De-Tienne* was four months longer.

The reason for the delay in this case and in *DeTienne* arises from very similar tactical considerations. In each case the advantage of joinder was the motive for the government's delay. I find no reason to evaluate the government's reason for delay in this case any differently than the court of appeal's treatment of it in *DeTienne,* even though *DeTienne* involved joinder of defendants rather than a joinder of offenses.

■ Although there is some difference in the timing of the speedy trial demand as between *DeTienne* and this case, I believe that for constitutional purposes the difference is not meaningful. De-Tienne did not assert his right to a speedy trial until a few days before his trial, which occurred some 19 months after indictment. In the instant case, the defendant made his speedy trial demand 13 months after indictment, but a new trial date had not yet been set. Post-demand delays are more critical than the delay occurring before the demand for speedy trial. See Barker v. Wingo, *supra* 532, 92 S.Ct. 2182. Therefore, the potential difference in post-demand delay could be significant should additional government delays arise in the future. As of this time, however, the government's asserted readiness for trial provides adequate assurance that the period of time between Page's demand for trial and his trial date will be relatively brief.

Each defendant, Page and DeTienne, could not point to any specific prejudice suffered as a result of the delay: neither DeTienne nor Page claimed that witnesses have died or have become unavailable as a result of the delay; neither referred to specific vital lapses of memory; and neither was able to do more than make conclusory assertions of increased anxiety and concern. Thus, Page, like DeTienne, has failed to demonstrate the most serious form of prejudice, that which affects the ability to defend against the charges. Moreover, it is significant that Page, unlike DeTienne, has not been incarcerated pending trial, thus eliminating from this case a form of prejudice which DeTienne sustained.

■ Finally, Page claims that the government's choice to proceed with both counts in a single trial exposes him to the improper use of evidence from count I to obtain conviction on the "weaker" count II. This assertion does not take this case outside the scope of *DeTienne.* Such prejudice, if it exists, does not arise from trial delays but rather is more appropriately attributable to a claim of prejudicial joinder of offenses. The remedy for improper joinder of offenses is severance, not dismissal of one of the counts.

In my opinion, the foregoing comparison of the circumstances surrounding the asserted speedy trial deprivations of the defendant in this case and the defendant in *DeTienne* compels me to deny the present motion.

Therefore, it is ordered that the defendant's motion to dismiss count II of the indictment be and hereby is denied.